IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4726 |
| | : | |
| GRAIG PENGLASE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                       **MARCH 1, 2024**

Plaintiff Ali. A. Harrison-El, who is currently incarcerated at SCI Smithfield, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights arising from the conduct of his counsel during a November 3, 2023 court proceeding. Currently before the Court are Harrison-El's Complaint ("Compl." (ECF No. 2)) and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).[1] Harrison-El asserts claims against attorney Craig Penglase, who is identified as a court-appointed attorney, and a John Doe attorney possibly associated with Penglase. (Compl. at 2.) He asserts his claims against the Defendants in their individual and official capacities. (*Id*.) For the following reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. The Court will dismiss Harrison-El's request

---

[1] On February 27, 2024, Harrison-El filed a Prisoner Trust Fund Account Statement that reflects the balance in his account as of February 1, 2024, but does not reflect deposits, withdrawals and balances for the six-month period preceding his filing of this action on November 6, 2023. (*See* ECF No. 6.) This filing does not comply with the requirements of 28 U.S.C. §1915(a)(2). However, previously, in response to an Administrative Order directing him to file a six-month account statement, Harrison-El advised the Court by letter that his requests for a copy of his inmate account statement had been denied by the Bucks County Correctional Facility, where he was then housed, allegedly in retaliation for his filing of civil rights complaints. (*See* ECF No. 5.) The Court deems Harrison-El to have substantially complied with the requirements of 28 U.S.C. § 1915(a)(2) and will proceed with screening his Complaint.

for release from custody without prejudice to Harrison-El filing a *habeas corpus* petition. The remainder of Harrison-El's Complaint will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS[2]

Harrison-El alleges that the events giving rise to his claims occurred on November 3, 2023 at the Bucks County Criminal Justice Center in the courtrooms of Judges Wagner and Liller. (Compl. at 4, 5.) He alleges that he was taken to trial and conspired against by the District Attorney's Office, court appointed counsel – presumably Defendants Penglase and Doe, the Bristol Township Police Department, and another defense attorney, non-Defendant Breanna Leedom. (*Id*. at 5.) Specifically, Harrison-El alleges that the Defendants conspired with the Bristol Township Police Department and the Bucks County District Attorney's Office to knowingly pursue false and meritless charges against him. (Compl. at 4.) He further alleges that the Defendants lied to advance the conspiracy. (*Id*.) He alleges that the purpose of the conspiracy was to keep him incarcerated until he dies. (*Id*. at 5.)

Harrison-El asserts claims against Penglase and Doe for conspiracy to commit false arrest and false imprisonment, in violation of his Fourth and Fourteenth Amendment rights. (*Id*. at 3.) He also alleges a Fourth Amendment malicious prosecution claim.[3] (*Id*.) As relief, he requests

---

[2] The factual allegations set forth in this Memorandum are taken from Harrison-El's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] Elsewhere in his Complaint, Harrison-El references the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (*Id*. at 5.) It is unclear whether he intended to assert claim under the ADA or the RA, but to the extent that he did, the Court finds no basis in the facts alleged to support a plausible claim under either of these statutes.

that he be released from prison,[4] that the Defendant attorneys be disbarred, and that he be awarded money damages.  (*Id.*)

The publicly available docket in *Commonwealth v. Harrison-El*, CP-09-CR-3063-2023 (C.P. Bucks) reflects that on January 17, 2024, Harrison-El was sentenced to a period of incarceration after having been found guilty on charges of simple assault and harassment.  (*Id.*) The November 3, 2023 trial was presided over by The Honorable Charissa Liller.  (*Id.*) Defendant Pengalase appeared on behalf of Harrison-El.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Harrison-El leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[4] The Court cannot provide this relief in a §1983 action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").  Accordingly, this claim is dismissed without prejudice to Harrison-El filing a *habeas corpus* petition seeking this relief.

[5]  However, as Harrison-El is a prisoner, he will be obligated to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Harrison-El's Complaint asserts violation of his Fourth and Fourteenth Amendment rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). For the following reasons, Harrison-El's claims are not plausible.

The publicly available docket reflects that Penglase represented Harrison-El in the underlying state court criminal proceedings, although it is unclear whether he was privately retained or court-appointed. That point is immaterial, however, because an attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a state actor for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F.

4

App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff[']s dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). Accordingly, because Penglase and Doe are not state actors, Harrison-El cannot pursue civil rights claims against them. Because amendment would not cure the deficiency identified by the Court and would therefore be futile, Harrison-El will not be granted leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). His claims will be dismissed with prejudice.[6]

---

[6] Moreover, to the extent Harrison-El may have sought to pursue state law negligence claims against the Defendants, he cannot state a plausible claim because under Pennsylvania law, a defendant convicted of an offense cannot sue his attorney for negligence unless he is first granted post-trial relief on the ground that counsel was ineffective. *Bailey v. Tucker*, 621 A.2d 108, 115 (Pa. 1993). The record from the underlying state criminal case giving rise to this claim reflects that Harrison-El has not been granted such relief. If, at some point, Harrison-El is granted post-trial relief, he may pursue state law legal malpractice claims against the Defendants in a new civil action. Alternatively, he may pursue a state law breach of contract claim to recover fees, without first winning post-trial relief. *See Bailey*, 621 A.2d at 115.

IV.     CONCLUSION

For the foregoing reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. The Court will dismiss Harrison-El's request for release from custody without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's constitutional claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court will be directed to close this case.

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge